IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID A. ANAYA,

       Plaintiff,

vs.                                       1:18-cv-00941-JAP-LF

THE COUNTY OF SOCORRO AND
SHERIFF WILLIAM ARMIJO AND DEPUTY
KYLE HALEY in their professional and individual capacities,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on its *sua sponte* Order to Show Cause filed January 8, 2019. Doc. 5. The Court's order instructed plaintiff David A. Anaya that "to avoid dismissal of this action against defendant County of Socorro ("County"), plaintiff must either effect service or provide the Court with a written explanation showing good cause why service has not been made, on or before Friday, January 18, 2019." *Id*. at 1–2. Plaintiff failed to either effect service or provide the Court with a written explanation showing good cause. Consequently, I recommend that the Court dismiss the County without prejudice for plaintiff's failure to serve.

The Court may issue any just orders, including sanctions authorized by Rule 37(b)(2)(A) (ii)–(vii), if a party fails to obey a court order. *See* FED. R. CIV. P. 41(b). Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc. (In*

*re Baker)*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir.1992).

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe*, 312 F.3d at 1188 (summarizing the *Ehrenhaus* factors). Dismissal as a sanction under Rule 16(f) should ordinarily be evaluated under the same factors. *See id.* "The factors do not create a rigid test but are simply criteria for the court to consider." *Id*. (citing *Ehrenhaus,* 965 F.2d at 921).

In this case, plaintiff failed to obey the Court's order to show cause. Plaintiff's failure to respond has not caused a high degree of prejudice to defendants. The County has not been served and, therefore, has not expended time or money dealing with this case. Plaintiff's failure to serve the County, however, does interfere with the judicial process. The case has been stymied by plaintiff's failure to serve the County. Defendants Kyle Haley and William Armijo removed this action to this Court from the Second Judicial District on October 9, 2018. Doc. 1. Plaintiff has done nothing since then to move this case forward. The case cannot progress without plaintiff's participation. Plaintiff and his attorney are culpable for violating the Court's orders. There is no indication that plaintiff's counsel did not receive the Court's order to show cause, and counsel has failed to explain why the County has not been served. Further, plaintiff was instructed in the order to show cause to explain why his claims against

the County should not be dismissed, and he was warned that failure to do so could result in the dismissal of this action against the County. Plaintiff failed to respond in any way, thereby failing to provide any reason why the County should not be dismissed. Plaintiff's counsel certainly understands the importance of responding to an order to show cause, and he has provided no explanation for failing to do so, indicating that lesser sanctions would not be effective.

Because the *Ehrenhaus* factors weigh in favor of dismissal, I conclude that dismissal alone would satisfy the interests of justice. I therefore recommend that plaintiff's complaint against the County of Socorro be dismissed without prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge