IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID A. ANAYA,

        Plaintiff,

vs.                                                         1:18-cv-00941-JAP-LF

THE COUNTY OF SOCORRO AND
SHERIFF WILLIAM ARMIJO AND DEPUTY
KYLE HALEY in their professional and individual capacities,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on its second *sua sponte* Order to Show Cause, filed April 24, 2019.[1] Doc. 10. The Court's order required plaintiff David A. Anaya to "provide the Court with a written explanation showing good cause why this case should not be dismissed pursuant to FED. R. CIV. P. 25 on or before May 6, 2019." *Id*. at 1–2. Plaintiff failed to provide the Court with a written explanation showing good cause by May 6, 2019. Consequently, I recommend that the Court dismiss this case in its entirety without prejudice.

Federal Rule of Civil Procedure 25 provides for the substitution of a party if a party dies and the claim is not extinguished. FED. R. CIV. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the act by or against the decedent must be dismissed." *Id*; *see also Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990) ("Rule 25(a)(1) was amended to require a motion for substitution to be filed within

---

[1] The Court issued its first order to show cause on January 23, 2019, for plaintiff's failure to serve the County of Socorro. Doc. 5. The County was subsequently dismissed for plaintiff's failure to serve. *See* Docs. 8, 9.

ninety days from the time a suggestion of death is filed in the district court and properly served.").

Defendants electronically filed their suggestion of death on January 23, 2019. Doc. 6. "Electronic filing constitutes service for purposes of FED. R. CIV. P. 5" except under circumstances not applicable here. D.N.M.LR-Civ. 5.1(a). Plaintiff had through April 23, 2019, to file a motion for substitution. Plaintiff did not file a motion for substitution by April 23, 2019. Accordingly, the Court issued its second order to show cause for plaintiff's failure to file a motion for substitution. Doc. 10. Plaintiff failed to respond to the Court's order.

The Court may issue any just orders, including sanctions authorized by Rule 37(b)(2)(A) (ii)–(vii), if a party fails to obey a court order. *See* FED. R. CIV. P. 41(b). Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir.1992).

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe*, 312 F.3d at 1188

(summarizing the *Ehrenhaus* factors). Dismissal as a sanction under Rule 16(f) should ordinarily be evaluated under the same factors. *See id.* "The factors do not create a rigid test but are simply criteria for the court to consider." *Id*. (citing *Ehrenhaus,* 965 F.2d at 921).

In this case, plaintiff failed to obey the Court's second order to show cause. Plaintiff's failure to respond has not caused a high degree of prejudice to defendants. The defendants have not had to expend time and money on this case beyond filing the suggestion of death. Plaintiff's failure to file a motion for substitution and failure to respond to the Court's order to show cause, however, does interfere with the judicial process. The case has been stymied by plaintiff's failure to participate in any way in the prosecution of his claims. Defendants William Armijo and Kyle Haley removed this action to this Court from the Second Judicial District on October 9, 2018. Doc. 1. Plaintiff has done nothing since then to move this case forward. The case cannot progress without plaintiff's participation. Plaintiff and his attorney are culpable for violating the Court's orders. There is no indication that plaintiff's counsel did not receive the Court's second order to show cause, and counsel has failed to explain why no motion for substitution was filed on plaintiff's behalf. Further, plaintiff was instructed in the order to show cause to explain why this case should not be dismissed, and he was warned that failure to do so would result in a recommendation to the district judge to dismiss his complaint without further warning. Doc. 10 at 2. Plaintiff failed to respond in any way, thereby failing to provide any reason why the Court should not dismiss his complaint. Plaintiff's counsel surely understands the importance of responding to an order to show cause, and he has provided no explanation for failing to do so, indicating that lesser sanctions would not be effective.

Because the *Ehrenhaus* factors weigh in favor of dismissal, I conclude that dismissal alone would satisfy the interests of justice. I therefore recommend that plaintiff's complaint against the remaining defendants—Sheriff William Armijo and Deputy Kyle Haley—be dismissed without prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge

4